IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00331-SBP

WFR IP, LLC,

    Plaintiff,

v.

QVC, INC.,

    Defendant.

**DEFENDANT'S SECOND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND .............................................................................................................. 2

III. LEGAL STANDARD ....................................................................................................... 3
    A. PERSONAL JURISDICTION ............................................................................ 3
    B. VENUE ................................................................................................................ 4
        1. Dismissal for Improper Venue ................................................................. 4
        2. Transfer to a More Convenient Venue ..................................................... 4

IV. ARGUMENT .................................................................................................................... 6
    A. PERSONAL JURISDICTION ............................................................................ 6
    B. THE CASE SHOULD BE DISMISSED DUE TO IMPROPER VENUE ......... 7
    C. IN THE ALTERNATIVE THE CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA .................................................... 7
        1. This Case May Have Been Brought in the Eastern District of Pennsylvania. .............................................................................................. 7
        2. Transfer Serves the Interests of Justice and Would be More Convenient. ............ 9
            a. Plaintiff's Choice of Venue ........................................................ 9
            b. Accessibility of Witnesses and Proof ...................................... 10
            c. Cost of Making Necessary Proof. ............................................ 11
            d. Docket Congestion ................................................................... 12
            e. Advantages of a Local Court Deciding Local Questions of Law ........... 12
            f. The Remaining Factors ............................................................ 13

V. CONCLUSION ............................................................................................................... 13

I.     INTRODUCTION

Defendant QVC, Inc. ("QVC") moves, pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1400 and 1404, to dismiss or in the alternative to transfer this patent case to the United States District Court for the Eastern District of Pennsylvania.

This is QVC's second Motion to Dismiss. QVC's original Motion to Dismiss was filed on May 23, 2024. Dkt. No. 14. Thereafter, Plaintiff WFR IP, LLC ("WFR") filed an Amended Complaint (Dkt. No. 18), as well as a Notice of Non-Opposition to QVC's alternative request to transfer venue to the Eastern District of Pennsylvania. Dkt. No. 19. For the same reasons stated in QVC's original Motion to Dismiss, and because dismissal would be the most efficient mechanism to dispose of WFR's insufficient Amended Complaint, QVC renews its request to dismiss. In the alternative, QVC requests that this case be transferred to the Eastern District of Pennsylvania.

In its Amended Complaint, and without any evidence or support, WFR identifies a single location in Colorado that allegedly supports its allegations of personal jurisdiction and venue. But that address is not a location of Defendant QVC. In its original Complaint (Dkt. No. 1), WFR inexplicably alleged that "[t]his Court has personal jurisdiction over Defendant pursuant to **TEX. CIV. PRAC. & REM. CODE § 17.041** *et seq*. … For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at **2400 McDermott Rd, Plano, TX 75025**." Complaint, Dkt. No. 1 at ¶ 7 (emphasis added). Recognizing that neither Texas law nor a Texas address are sufficient to establish personal jurisdiction in Colorado, Plaintiff filed an Amended Complaint that deleted the citation to Texas law and changed the Texas address to an address in Colorado. Plaintiff did not provide any further explanation and did not make any additional substantive changes to its originally filed Complaint. *See* Amended Complaint, Dkt. 18 at ¶ 7. WFR's minor amendments to its originally filed Complaint did not remedy its failure to establish

1

personal jurisdiction, and for these reasons WFR's Amended Complaint should be dismissed for failure to establish personal jurisdiction.

QVC is a Delaware corporation with its principal place of business in the Eastern District of Pennsylvania, specifically in West Chester, PA. QVC is not a Colorado Corporation. QVC's original motion to dismiss detailed these facts, yet WFR's attempt to remedy its pleading still falls far short. Indeed, WFR's Amended Complaint again fails to identify any regular and established place of business in Colorado. As a result, WFR's Amended Complaint should be dismissed for improper venue.

If not outright dismissed, this lawsuit should be transferred to a more convenient forum. All of QVC's critical witnesses and documents concerning this case are in the Eastern District of Pennsylvania. According to its Amended Complaint, Plaintiff WFR is a Texas limited liability corporation with its principal place of business located in Travis County, Texas. WFR, and this dispute, have no connection to this forum. Third-party witnesses, including the vendor who supplied the products accused of infringement, are not located in this District.

In short, WFR has failed to establish personal jurisdiction, and neither party has any pertinent ties to this District. As a result, QVC requests that WFR's Amended Complaint be dismissed. In the alternative, QVC requests that the case be transferred to the Eastern District of Pennsylvania, which has a greater interest in deciding this case and is a far more convenient forum for this litigation.

## II.  BACKGROUND

QVC curates and sells a wide variety of consumer products via video shopping experiences that reach audiences through websites, video programming distributors, streaming video, social media, and over-the-air broadcasts. Through its website, QVC sells the Phillips A6606 Bone Conduction Wireless Headphones (the "Accused Product"). QVC is a Delaware

corporation with its headquarters and principal place of business in West Chester, Pennsylvania. Kearney Decl.,[1] ¶ 4-5. WFR alleges that QVC infringes U.S. Patent No. 7,505,793 by "making, using, testing, selling, offering for sale and/or importing" the Accused Product. *See* Amended Complaint, Dkt. No. 18 at ¶ 14.

QVC did not design, manufacture, or distribute the Accused Product. *See* Kearney Decl., ¶ 10. Rather, QVC procured the Accused Product from a third-party vendor, TPV-USA Corp. ("TPV-USA") located in Charlotte, NC. *Id*. On May 6, 2024, TPV-USA filed an action for declaratory judgment in the forum in which WFR is located, the Western District of Texas, seeking a declaration that the Accused Product does not infringe U.S. Patent No. 7,505,793. *TPV Technology Ltd., and TPV-USA Corp. v. WFR IP, LLC*, 1:24-cv-00487 (Western District of Texas). If the current lawsuit is not dismissed or transferred, QVC intends to file a motion to stay the current proceeding in light of the declaratory judgment action brought by the "true defendant" and the distributor of the Accused Product, TPV-USA.

## III. LEGAL STANDARD

### A. PERSONAL JURISDICTION

Federal Rule of Civil Procedure 12(b)(2) authorizes the dismissal of a complaint for lack of personal jurisdiction. When a defendant files a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden to establish personal jurisdiction over that defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citation omitted). In evaluating whether the plaintiff has made a prima facie showing that personal jurisdiction exists, the court accepts the well-pleaded allegations of the complaint as true. If the presence or absence of personal jurisdiction can be established by reference to the complaint alone, the court need not

---

[1] Declaration of Megan Kearney in support of Defendant's Motion to Dismiss or Transfer the ("Kearney Decl.") is filed herewith.

look further. But only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted).

### B. VENUE

#### 1. Dismissal for Improper Venue

Section 1400(b) of title 28 of the United States Code "constitute[s] the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 137 S. Ct. 1514, 1518, 197 L. Ed. 2d 816 (2017) (internal quotation marks omitted). A claim for patent infringement must be brought "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 U.S. Dist. LEXIS 108167, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive, and it is the plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013-14 (Fed. Cir. 2018).

Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Failure to satisfy any statutory requirement requires a finding of improper venue. *Id.*

#### 2. Transfer to a More Convenient Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28

4

U.S.C. § 1404(a). The party seeking to transfer a case bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

In ruling on a motion to transfer venue, district courts must assess two issues: (1) whether the case might have been brought in the proposed transferee district, and (2) whether the "competing equities" weigh in favor of adjudicating the case in that district. *See Hustler Magazine, Inc. v. U.S. Dist. Court for the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986).

If a case could have originally been filed in the transferee district, the Court considers whether transfer would serve the interests of justice and would be convenient for the parties and witnesses. § 1404(a); *see also Genetic Techs. Inc. v. Agilent Techs., Inc.*, 2012 U.S. Dist. LEXIS 39666, 2012 WL 1015355, *8 (D. Colo. 2012). The analysis is conducted "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)). In considering whether to transfer, courts may weigh the following discretionary factors:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and...[9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516). The Court evaluates the discretionary factors in turn to determine whether transfer is appropriate.

5

## IV.   ARGUMENT

### A.   PERSONAL JURISDICTION

WFR's Amended Complaint fails to establish personal jurisdiction for QVC and for that reason must be dismissed. WFR's Amended Complaint makes only passing reference to a specific location within the District of Colorado. In its description of the "The Parties," WFR states without any evidence or support that QVC has "a regular and established place of business at 12300 Liberty Blvd, Englewood, CO 80112." Amended Complaint, Dkt. No. 18 at ¶ 2. QVC does not have a regular and established place of business in Englewood, Colorado. QVC's parent company, Qurate Retail, Inc., is located in Englewood, Colorado. *See* Kearney Decl., ¶ 16. But Qurate Retail, Inc. does not sell or offer to sell the products accused of infringement.

When WFR specifically addressed "personal jurisdiction" in its original Complaint, rather than address Colorado law or a location within Colorado, Plaintiff instead alleged that "[t]his Court has personal jurisdiction over Defendant pursuant to **TEX. CIV. PRAC. & REM. CODE § 17.041** *et seq*. … For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at **2400 McDermott Rd, Plano, TX 75025**." Complaint, Dkt. No. 1 at ¶ 7. Recognizing that neither Texas law nor a Texas address are sufficient to establish personal jurisdiction in Colorado, Plaintiff filed an Amended Complaint that deleted the citation to Texas law and changed the Texas address to an address in Colorado. Plaintiff did not provide any further explanation and did not make any additional substantive changes to its originally filed Complaint. *See* Amended Complaint, Dkt. 18 at ¶ 7. WFR's minor amendments to its originally filed Complaint did not remedy its failure to establish personal jurisdiction, and for these reasons WFR's Amended Complaint should be dismissed for failure to establish personal jurisdiction.

### B. THE CASE SHOULD BE DISMISSED DUE TO IMPROPER VENUE

Defendant QVC is not a Colorado corporation and the Amended Complaint fails to identify a regular and established place of business for Defendant QVC in Colorado. The sole location identified by WFR in the Amended Complaint is not the location of Defendant. It is the location of QVC's parent company, Qurate Retail, Inc. *See* Kearney Decl., ¶ 16. Because Plaintiff has failed to establish that venue is proper in this Court, the Amended Complaint should be dismissed.

### C. IN THE ALTERNATIVE THE CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA

In the alternative, the Court should transfer this case to the Eastern District of Pennsylvania under 28 U.S.C. § 1404 because WFR could have filed its Amended Complaint in the Eastern District of Pennsylvania, the Eastern District of Pennsylvania is a proper forum, and it is the most convenient forum. After QVC filed its original Motion to Dismiss (Dkt. No. 14), WFR filed a Notice of Non-Opposition to QVC's alternative request that the case be transferred to the Eastern District of Pennsylvania. Dkt. No. 19.

#### 1. This Case May Have Been Brought in the Eastern District of Pennsylvania.

Jurisdiction and venue are appropriate in the Eastern District of Pennsylvania. Under the venue statute, patent infringement actions may be brought "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). This statute is unique to patent law and thus analyzed under Federal Circuit law. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "[T]hree general requirements [are] relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.*

QVC's headquarters and principal place of business is physically located in the Eastern

7

District of Pennsylvania. QVC's facilities in that district are a "regular and established place of business" at least because they have been consistently and permanently located there since 1986. *See* Kearney Decl., ¶ 5. Approximately 1800 QVC employees work in the vicinity of this location. *See id.* at ¶ 6. Hence, venue is proper in the Eastern District of Pennsylvania. *See, e.g., Am. GNC Corp. v. GoPro, Inc.*, No. 18-CV-00968-BAS-BLM, 2018 WL 6074395, at *14 (S.D. Cal. Nov. 6, 2018) (finding movant's headquarters is "a regular and established place of business" and transferring patent case). Furthermore, the Eastern District of Pennsylvania has personal jurisdiction over QVC because its principal place of business is located there. *See* 28 U.S.C. § 1332.

As for WFR, "[t]here is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009). Indeed, WFR implicitly concedes that any district in the United States is a proper one for it to file its suit, as it has filed lawsuits related to the same patent in this case in at least *six* different judicial districts beyond its home district of W.D. Tex., including N.D. Cal. (*see, e.g.*, Case No. 3:24-cv-02179), S.D.N.Y. (*see, e.g.*, 1:24-cv-11318), D. Del. (*see, e.g.*, 1:22-cv-00931), E.D. Tex. (*see, e.g.,* Case No. 2:24-cv-00071), S.D. Tex. (*see, e.g.,* Case No. 4:24-cv-00403), and N.D. Tex. (*see, e.g.*, 3:22-cv-01434).

Thus, the Eastern District of Pennsylvania "meets the requirement of being one where the case might have been brought." *See B & B Hardware, Inc.* v. Hargis Industries, Inc., 2006 U.S. Dist. LEXIS 96381, 2006 WL 4568798, at *3 (C.D. Cal. 2006).

### 2. Transfer Serves the Interests of Justice and Would be More Convenient.

#### a. Plaintiff's Choice of Venue

"The plaintiff's choice of forum receives less deference… if the plaintiff does not reside in the district." *Employers Mut. Cas. Co. v. Bartile Roofs. Inc.,* 618 F.3d 1153, 1168 (10th Cir. 2010); *see also Body Science LLC v. Boston Scientific Corp*, 846 F.Supp.2d 980, 992 (N.D. Ill. 2012) (same); *cf. Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) (noting that, in the context of a defendant's invocation of forum non conveniens, the presumption that a plaintiff's choice of venue should not be disturbed applies with less force if the plaintiff's chosen forum is not its home forum). Courts likewise "accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Employers Mut. Cas. Co.*, 618 F.3d at 1168 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993)). In patent infringement cases in particular, the location of the defendant's principal place of business will likely be important because such cases often focus on the conduct and activities of the infringer, as opposed to those of the plaintiff. *Body Science, LLC*, 846 F.Supp.2d at 992. Sales of the allegedly infringing product alone are unlikely to establish such a connection to a jurisdiction if the defendant's products are sold throughout the country, as is the case here. *Id.* at 993.

QVC has consistently and permanently operated its principal place of business in West Chester, Pennsylvania since it was founded in 1986. *See* Kearney Decl., ¶ 5. Approximately 1800 employees of QVC, Inc. work in the vicinity of its headquarters and principal place of business in West Chester, Pennsylvania. *Id*. at ¶ 6. This includes the personnel at QVC who have knowledge regarding the procurement, marketing, and sale of the Accused Products. *Id*. at ¶¶

9

11, 12, 13 and 14.

QVC's parent company, Qurate Retail, Inc. has a presence in Colorado. *Id*. at ¶¶ 16. But that is a distinct corporate entity and Qurate's personnel at its facility in Colorado were not involved in the procurement, sale, or marketing of the Accused Product. *Id*. Thus, QVC's potential witnesses for this case are in the Eastern District of Pennsylvania, not this District.

The fact that Defendant's contacts with this District are minimal compared with its contacts in the proposed transferee district favors transfer.

### b.   Accessibility of Witnesses and Proof

Numerous cases have concluded that the single most important factor in deciding whether transfer is appropriate under section 1404(a) is the relative convenience of the two forums for the witnesses. *See, e.g., Employers Mut. Cas. Co.*, 618 F.3d at 1169; *Genetic Technologies Ltd.*, 2012 U.S. Dist. LEXIS 39666, 2012 WL 1015355 at *10; *Anza Tech. Inc. v. Xilinx, Inc.*, 2017 U.S. Dist. LEXIS 178423, 2017 WL 4864947, *3 (D. Colo. 2017). In addition, where a district is inconvenient for all of the parties, that weighs in favor of transfer. *Body Science LLC*, 846 F.Supp.2d at 997.

The QVC witnesses are located in the Eastern District of Pennsylvania, which will therefore be the most convenient forum for the QVC witnesses. The third-party supplier and WFR are both located outside of the District of Colorado, and therefore the District of Colorado and the Eastern District of Pennsylvania are equally convenient for the respective witnesses of those parties.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotations and citation omitted) (finding district court abused discretion in

10

denying transfer).

As noted above, the crux of the case is whether products sold by QVC, a retailer, infringe the asserted patent. Therefore, the relevant documents will concern QVC's procurement of the Accused Product from a vendor, TPV-USA, and QVC's marketing and sale of those products. QVC maintains such documents in the Eastern District of Pennsylvania. *See* Kearney Decl. at ¶ 14. This fact favors transfer. This is true despite the potential for the electronic storage and transmission of documents. *In re NetScout Sys., Inc.*, 2021 U.S. App. LEXIS 30500, 2021 WL 4771756, *4 (Fed. Cir. 2021); *see also In re Genentech, Inc.*, 566 F.3d at 1346 (rejecting a trial court's conclusion that "[t]he notion that the physical location of some relevant documents should play a substantial role in the venue analysis is somewhat antiquated in the era of electronic storage and transmission.").

### c. Cost of Making Necessary Proof.

"The factor considering cost relates to the factor concerning witness convenience," *Genetic Techs. Ltd.* 2012 U.S. Dist. LEXIS 39666, 2012 WL 1015355 at *10 (D. Colo. 2012), because it requires the Court to look at the literal costs of trying the case in the District of Colorado as opposed to the Eastern District of Pennsylvania. Here, if the case proceeds in the District of Colorado, *all* the potential witnesses in this case, as well as the parties and counsel, will need to travel and pay for lodging and meals. If this case is transferred, then WFR's witnesses, employees, and counsel may still be required to travel, but at least a portion of QVC's witnesses, employees, and counsel will not. While a motion to transfer should not be used to shift inconvenience from one party onto the other, *Potter Voice Techs. LLC*, 2013 U.S. Dist. LEXIS 45522, 2013 WL 1333483 at *1, "[b]ecause this District is not particularly convenient for either party, this factor weighs in favor of transfer," *Body Science, LLC*, 846 F.Supp.2d at 997.

11

### d. Docket Congestion.

In considering whether docket congestion favors the transfer of a case to a different jurisdiction, "the most relevant statistics are the [1] median time from filing to disposition, [2] median months from filing to trial, [3] pending cases per judge, and [4] weighted filings per judge." *Employers Mut. Cas. Co.*, 618 F.3d at 1169.

In this case, the District of Colorado has 535 pending cases per judge with 598 weighted filings per judge. United States District Courts – National Judicial Caseload Profile, at 79 (available at: https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2023_0.pdf) (last visited June 17, 2024). The Eastern District of Pennsylvania has 368 pending cases per judge with 273 weighted filings per judge. *Id.*, at 16. The median time from filing to disposition in civil cases in the District of Colorado is 8.3 months and the median time from filing to trial in civil cases is 28.9 months. *Id.*, at 79. The median time from filing to disposition in civil cases in the Eastern District of Pennsylvania is 4.5 months and from filing to trial in civil cases is 27.6 months. *Id.*, at 16. Accordingly, the Eastern District of Pennsylvania is both less congested and faster to ultimately dispose of cases or go to trial than this District.

This factor strongly weighs in favor of transfer.

### e. Advantages of a Local Court Deciding Local Questions of Law

As the Supreme Court has explained, "[t]here is a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). In the context of motions for transfer, the Federal Circuit has often suggested that it is appropriate to transfer a case when the "center of gravity" of the action is in the transferee district. *See, e.g.*, *In re Apple*, 2021 U.S. App. LEXIS 33788, 2021 WL 5291804, *5 (Fed. Cir. 2021); *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1323 (Fed. Cir. 2021).

In determining where the "center of gravity" of a particular case is located, courts emphasize the connections between a given venue and the events that gave rise to the litigation. *See In re Apple, Inc.*, 2021 U.S. App. LEXIS 33788, 2021 WL 5291804 at *5 (Fed. Cir 2021). In the specific context of patent infringement suits, the Federal Circuit has made clear that, in cases where the allegedly infringing product is sold nationwide, that fact alone creates no more of a local interest in one venue than in another. *See In re Samsung Electronics Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021) (noting that "The fact that infringement is alleged in the Western District of Texas gives that venue no more of a local interest than the Northern District of California or any other venue."). Instead, courts look at where the events leading to the infringement claims took place. *Id.* In this case, the center of gravity of this case is in the Eastern District of Pennsylvania. That is where QVC is located, and where it purchases and markets the products accused of infringement. By contrast, no facts tie this litigation to this District. This factor therefore favors transfer.

### f.    The Remaining Factors

The remaining factors are neutral. QVC does not dispute that a judgment in either district would be enforceable throughout the country. QVC does not dispute that either district would provide a fair trial. Because this case involves federal patent law, QVC does not believe that there is any concern about the potential for a conflict of laws, and judges in either district are equally equipped to apply that law in this case.

### V.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss this action. In the alternative, Defendant requests that this action be transferred to the District Court for the Eastern District of Pennsylvania.

Dated: June 17, 2024

Respectfully submitted,

*/s/ S. Benjamin Pleune*
S. Benjamin Pleune (NC Bar No. 28748)
*Admitted, District of Colorado* (April 4, 2024)
ben.pleune@alston.com
**ALSTON & BIRD LLP**
1120 S. Tryon Street, Suite 300
Charlotte, NC 28203-6818
Phone: (704) 444-1000
Fax: (704) 444-1111

Brady R. Cox (*Pro Hac Vice Forthcoming*)
Elliott C. Riches (*Pro Hac Vice Forthcoming*)
brady.cox@alston.com
elliott.riches@alston.com
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Phone: (214) 922-3400
Fax: (214) 922-3899

Andrew J. Ligotti (*Pro Hac Vice*)
Andy.ligotti@alston.com
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, NY 10016-1387
Phone: (212) 210-9400
Fax: (212) 210-9444

***Attorneys for Defendant QVC, Inc.***

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of June 17, 2024, with a copy of the foregoing via e-mail.

*/s/ S. Benjamin Pleune*
S. Benjamin Pleune